UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DAVID KROHE,<br><br>Plaintiff,<br><br>v.<br><br>ZANDRA STEINHARDT,<br><br>Defendant. | CASE NO. 1:17-cv-00878-DAD-MJS<br><br>**FINDINGS AND RECOMMENDATIONS TO :**<br><br>**(1) CONSOLIDATE CASE Nos. 1:17-cv-881-DAD-MJS, 1:17-cv-885-DAD-MJS, AND 1:17-cv-889-DAD-MJS WITH THE INSTANT CASE; AND**<br><br>**(2) TO DISMISS WITHOUT LEAVE TO AMEND FOR LACK OF JURISDICTION**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff Christopher David Krohe is a state prisoner proceeding pro se and in forma pauperis in this civil action against Zandra Steinhardt. He initiated this action on June 1, 2017 in the United States District Court for the Northern District of California. (ECF No. 1.) On June 30, 2017, the case was transferred to this district and assigned to the docket of the undersigned. (ECF No. 7.) On July 14, 2017, the case was related to the following actions, also captioned Krohe v. Steinhardt: No. 1:17-cv-881-DAD-MJS, No. 1:17-cv-885-DAD-MJS, and No. 1:17-cv-889-DAD-MJS. (ECF No. 14.)

**I.    Consolidation**

As stated, Petitioner filed four identically captioned actions in the Northern District of California. All were transferred to this district and here related and reassigned to the undersigned. A review of the complaints reveals that Zandra Steinhardt is the sole defendant in each of the four actions. Defendant is alleged to be the trustee of a trust of which Plaintiff is a beneficiary. All four complaints concern Plaintiff's claim, described in greater detail below, that Plaintiff sent Defendant Steinhardt $41,700 for purposes of procuring an attorney to represent Plaintiff in an appeal of the dismissal of his petition for writ of habeas corpus. After agreeing to this arrangement and receiving the funds, Defendant cut off all communication with Plaintiff. In all four actions, Plaintiff seeks relief in the course of disposition of his appeal in the Ninth Circuit. Specifically, he seeks an evidentiary hearing requiring Defendant to produce trust documents and an order requiring Defendant to obtain counsel for Plaintiff.

In his motions to proceed in forma pauperis in Case Nos. 1:17-cv-881, 1:17-cv-885, and 1:17-cv-889, Plaintiff asks that his cases be "conflated" with the instant case as they all pertain to the same subject matter. The court construes this as a request for consolidation.

A district court has broad discretion to consolidate cases pending within its district, see Pierce v. Cty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008), and may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). In exercising this discretion, the Court should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir.), on reh'g, 753 F.2d 1081 (9th Cir. 1984).

Here, the four actions are substantively identical. Indeed, it is unclear why Plaintiff brought four separate actions on this single subject. Consolidation will save time and effort and will not inconvenience or prejudice Plaintiff in any way. Accordingly, the

undersigned will recommend that Case Nos. 1:17-cv-881, 1:17-cv-885, and 1:17-cv-889 be consolidated with the instant action and thereafter administratively closed.

**II.     Screening of Complaint**

Plaintiff's complaint is before the Court for screening.

**A.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**C.     Plaintiff's Allegations**

Plaintiff's allegations may be summarized essentially as follows:

3

Plaintiff sent Defendant $41,700 to hold in anticipation of Plaintiff retention of an attorney to represent him in the Ninth Circuit. On January 4, 2017, Plaintiff called Defendant about obtaining an attorney. Defendant told Plaintiff she would hire an attorney for him and told Plaintiff to call back in two days to get the attorney's name. Thereafter, Defendant did not accept Plaintiff's calls, respond by mail, or hire an attorney for him.

Plaintiff requests an evidentiary hearing in the Ninth Circuit. He wants Defendant there to be required to produce trust documents and then obtain counsel for Plaintiff.[1]

### D. Analysis

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, such cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

#### 1. Diversity Jurisdiction

28 U.S.C. § 1332(a)(1) grants federal district courts original jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. To show state citizenship for the purposes of the statute, a party must be a citizen of the United States and be domiciled in the state. Kantor v. Wellesley Galleries,

---

[1] In this regard, the Court takes judicial notice of the following: Plaintiff filed a petition for writ of habeas corpus in Krohe v. Lizarraga, No. 8:16-cv-131-JGB-KS (C.D. Cal.). That petition was dismissed as time-barred. (ECF Nos. 16, 20 in Case No. No. 8:16-cv-131-JGB-KS.) On April 14, 2017, the Ninth Circuit denied Plaintiff's request for a certificate of appealability. Krohe v. Lizarraga, No. 16-56983 (9th Cir. Apr. 14, 2017.) Petitioner's motion for reconsideration of that ruling remains pending in the Ninth Circuit.

4

Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Here, the amount in controversy is $41,700. Even assuming that Plaintiff and Defendants are citizens of different states, the amount in dispute is insufficient to confer jurisdiction based on diversity of citizenship.

### 2. Federal Question Jurisdiction

Under federal question jurisdiction, district courts are authorized to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action can "arise under" federal law in two ways. Gunn v. Minton, 568 U.S. 251, 256 (2013). Most directly, "a case arises under federal law when federal law creates the cause of action asserted." Id. If, however, a claim finds its origins in state rather than federal law, federal jurisdiction will lie only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.; see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Plaintiff's claim that he provided Defendant funds for a specific purpose and that Defendant did not fulfill the agreement arises, if at all, under state law, as a breach of contract or breach of fiduciary duty claim. He states no basis for federal jurisdiction regarding and the Court finds none.

To the extent Plaintiff seeks to challenge a ruling on his petition for writ of habeas corpus or the appeal thereof, he must pursue such issues in the Ninth Circuit Court of Appeal..

Because the Court lacks jurisdiction over the claims, the undersigned will recommend dismissal of the complaint.

### E. Leave to Amend

In general, a pro se Plaintiff is entitled to leave to amend unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice and futility." Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1276, 1293 (9th Cir. 1983); Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).

Plaintiff's only claims in this action are potential state law contract or fiduciary claims and an attack on the disposition of his habeas petition in the Ninth Circuit. The Court can envision no facts that would confer jurisdiction on this Court in the circumstances of this case. Leave to amend would be futile and should be denied.

## V. Conclusion and Order

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Case Nos. 1:17-cv-881-DAD-MJS, 1:17-cv-885-DAD-MJS, and 1:17-cv-889-DAD-MJS be consolidated with the instant case and administratively closed; and

2. Plaintiff's complaint be dismissed without leave to amend for lack of jurisdiction.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: July 31, 2017      /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE